**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANA MORO,**

**Plaintiff,**

**v.** **CASE NO.:**

**FLORIDA TILE CERAMIC, INC., also known as FLORIDA TILE, INC.,**

**Defendant.**

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ana Moro ("Moro"), sues Defendant, Florida Tile Ceramic, Inc., also known as Florida Tile, Inc. ("Florida Tile"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages and equitable relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act, Section 760.01 *et seq.*, Florida Statutes ("FCRA").

2. This Court has subject-matter jurisdiction under 28 U.S.C. Sections 1331 and and supplemental jurisdiction under 28 U.S.C. Section 1367 over Plaintiff's state-law claim because it is so related to Plaintiff's federal claim that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in the Middle District of Florida, Tampa Division, because the unlawful employment practices occurred in this District.

**PARTIES**

4. Plaintiff is a woman and former employee of Defendant. Plaintiff resides in Polk County, Florida, and worked for Defendant as an Outside Sales Representative in its Tampa sales territory.

5. Defendant is a Delaware corporation that manufactures and distributes tile products throughout the United States, including in Hillsborough County, Florida, where it employed Plaintiff.

**GENERAL ALLEGATIONS**

6. Plaintiff is a member of a protected class under Title VII and the FCRA based on her sex.

7. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

8. At all times material hereto, Defendant employed fifteen or more employees and was an employer within the meaning of Title VII and the FCRA.

9. At all times material hereto, Defendant acted with malice or reckless disregard for Plaintiff’s protected rights under Title VII and the FCRA.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial on all issues so triable.

### *Administrative Exhaustion*

12. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, bearing Charge Number 474-2026-01396, naming Defendant and alleging sex discrimination.

13. On or about June 4, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

14. This action is timely filed within the applicable limitations period, as tolled by a written agreement executed by Plaintiff and Defendant.

15. All administrative prerequisites to filing this action have been satisfied or waived.

## FACTUAL ALLEGATIONS

### *Plaintiff's Employment and Performance*

16. Defendant hired Plaintiff as an Outside Sales Representative on or about March 1, 2025.

17. Plaintiff was responsible for developing relationships with builders, contractors, and distributors, generating sales of Defendant's tile products, and meeting established revenue targets in her assigned Tampa sales territory.

18. Defendant compensated Plaintiff through salary and commissions.

19. Plaintiff was qualified for her position and performed her responsibilities successfully. Her annual sales quota for 2025 was approximately $1.4 million.

20. During that year, Plaintiff generated approximately $2 million in sales, exceeding her assigned quota by approximately $600,000 and contributing substantial revenue to Defendant.

21. Plaintiff also improved sales margins. Her performance therefore reflected both (1) sales exceeding Defendant's revenue target and (2) improvements in the profitability of those sales.

22. Before firing Plaintiff, Defendant had not subjected Plaintiff to formal discipline or placed her on a performance improvement plan.

23. Defendant also had not warned Plaintiff that the alleged performance concerns it later cited at termination placed her employment in jeopardy or provided her an opportunity to address those concerns before discharging her.

***Discriminatory Comments and More Favorable Treatment of Male Employees***

24. During Plaintiff's employment, her supervisor, Jason Pearson, made comments disparaging another female sales representative despite that employee's strong sales results.

25. In discussing that employee, Pearson characterized her as not knowing what she was talking about and described customers as paying attention to her appearance rather than her expertise.

26. Pearson's comments discounted the female representative's professional competence notwithstanding her successful sales performance.

27. Pearson was involved in the decision to terminate Plaintiff's employment.

28. Defendant also treated male sales representatives more favorably when addressing purported performance concerns.

29. At least one male sales representative failed to meet his sales goals but received coaching and a defined period in which to improve his performance.

30. Rather than immediately terminating that employee for failing to meet his sales goals, Defendant afforded him an opportunity to address its concerns and continue his employment.

31. By contrast, Defendant terminated Plaintiff without providing comparable coaching or an opportunity to improve, even though she had exceeded her sales quota and improved margins.

***Defendant's Termination of Plaintiff***

32. On or about February 13, 2026, Defendant invited Plaintiff to a meeting described as "territory planning."

33. At that meeting, Defendant informed Plaintiff that it was terminating her employment.

34. Defendant cited alleged gaps in product knowledge, organizational and communication concerns, pricing errors, and "margin risk" as reasons for the termination.

35. Plaintiff disputes those explanations. She had generated approximately $2 million in sales against an approximately $1.4 million annual quota and had improved margins.

36. Before the meeting, Defendant had not formally disciplined Plaintiff, placed her on a performance improvement plan, or warned her that the alleged concerns would result in termination.

37. Defendant nevertheless discharged Plaintiff without providing the coaching or opportunity to improve that it afforded a male sales representative who —unlike Plaintiff—had *failed* to meet his sales goals.

38. Defendant replaced Plaintiff with a male employee who assumed responsibility for her Tampa sales territory.

39. At the time of Plaintiff's termination, Defendant had already identified that employee to assume her territory.

***Defendant's Stated Reasons Were Pretextual***

40. Defendant's stated reasons for terminating Plaintiff were false and pretextual.

41. Defendant cited performance deficiencies and margin risk despite Plaintiff's sales exceeding her annual quota by approximately $600,000 and her improvements in sales margins.

42. Defendant also applied its disciplinary standards inconsistently. A male sales representative who failed to meet his sales goals received coaching and time to improve, while Plaintiff, who exceeded her sales goals, was discharged without warning.

43. Pearson's disparaging comments about another successful female sales representative, his involvement in Plaintiff's termination, and Defendant's selection of a male employee to assume Plaintiff's territory demonstrate that Plaintiff's sex was a motivating factor in Defendant's decision to fire her.

44. Plaintiff's successful performance, the absence of prior formal discipline, Defendant's unequal treatment of male and female sales representatives, and the circumstances of her replacement demonstrate that Defendant's asserted performance concerns were pretext for discrimination.

45. As a result of Defendant's conduct, Plaintiff suffered lost wages, commissions, employment benefits, emotional distress, humiliation, loss of dignity, and other damages.

## **COUNT I – Title VII Violation**
### ***Sex Discrimination***

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff is a woman and a member of a protected class under Title VII based on her sex.

48. Plaintiff was qualified for her position and performed her job satisfactorily.

49. Defendant subjected Plaintiff to an adverse employment action by terminating her employment on or about February 13, 2026.

50. Plaintiff's sex was a motivating factor in Defendant's decision to terminate her employment.

51. Defendant treated a male sales representative who failed to meet his sales goals more favorably by providing coaching and an opportunity to improve, while terminating Plaintiff without a comparable opportunity despite her successful sales performance.

52. Defendant's stated reasons for terminating Plaintiff were false and pretextual.

53. Defendant's actions were willful and done with malice or reckless disregard for Plaintiff's federally protected rights.

54. Plaintiff was injured by Defendant's violations of Title VII, for which she is entitled to legal and equitable relief.

WHEREFORE**,** Plaintiff demands:

(a) That this Court enter a judgment stating that Defendant discriminated against Plaintiff in violation of Title VII;

(b) An injunction restraining Defendant from continuing to violate Plaintiff's rights under Title VII;

(c) Compensation for lost wages, commissions, benefits, and other remuneration;

(d) Reinstatement to a position comparable to Plaintiff's prior position with back pay plus interest and all benefits, or, in the alternative, front pay;

(e) Compensatory damages;

(f) Punitive damages;

(g) Prejudgment interest as permitted by law;

(h) All costs and reasonable attorney's fees incurred in prosecuting this claim; and

(i) Such further relief as this Court deems just and equitable.

**COUNT II – FCRA Violation**
***Sex Discrimination***

55. Plaintiff realleges and readopts the allegations of paragraphs 1 through 45 as if fully set forth herein.

56. Plaintiff is a woman and a member of a protected class under the FCRA based on her sex.

57. Plaintiff was qualified for her position and performed her job satisfactorily.

58. Defendant subjected Plaintiff to an adverse employment action by terminating her employment on or about February 13, 2026.

59. Plaintiff's sex was a motivating factor in Defendant's decision to terminate her employment.

60. Defendant treated a male sales representative who failed to meet his sales goals more favorably by providing coaching and an opportunity to improve, while terminating Plaintiff without a comparable opportunity despite her successful sales performance.

61. Defendant's stated reasons for terminating Plaintiff were false and pretextual.

62. Defendant's conduct violated Fla. Stat. § 760.10(1)(a).

63. Defendant's actions were willful and done with malice or reckless disregard for Plaintiff's protected rights.

64. Plaintiff was injured by Defendant's violations of the FCRA, for which she is entitled to legal and equitable relief.

WHEREFORE, Plaintiff demands:

(a) That this Court enter a judgment stating that Defendant discriminated against Plaintiff in violation of the FCRA;

(b) An injunction restraining Defendant from continuing to violate Plaintiff's rights under the FCRA;

(c) Compensation for lost wages, commissions, benefits, and other remuneration;

(d) Reinstatement to a position comparable to Plaintiff's prior position with back pay plus interest and all benefits, or, in the alternative, front pay;

(e) Compensatory damages;

(f) Punitive damages;

(g) Prejudgment interest as permitted by law;

(h) All costs and reasonable attorney's fees incurred in prosecuting this claim; and

(i) Such further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated this 2nd day of October, 2026.

Respectfully submitted,

*/s/ Ashwin R. Trehan*
**Jemma A. Takx, Lead Counsel**
Florida Bar No.: 1028760
**Ashwin R. Trehan**
Florida Bar No.: 42675
**CANTRELL SCHUETTE, P.A.**
3350 Buschwood Park Dr., Ste 195
Tampa, FL 33618
Telephone: (813) 705-6275
Email: atrehan@lawcantrell.com
Email: jtakx@lawcantrell.com
Email: ergservice@lawcantrell.com
***Attorneys for Plaintiff***